665 So.2d 11 (1995)
Rodney BLANCHARD
v.
FEDERAL EXPRESS CORPORATION.
No. 95 CA 0349.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*12 Philip J. Dugas, Baton Rouge, for Plaintiff-Appellant.
Kathryn T. Wiedorn, Metairie, for Defendant-Appellee.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
This appeal arises out of a disputed claim for workers' compensation. Rodney Blanchard (plaintiff) was injured on September 24, 1990, during the course and scope of his parttime employment with Federal Express Corporation (defendant) as a courier.
Louisiana Revised Statute 23:1221(3) provides that when an employee, because of a work-related disability, is unable to earn ninety percent or more of wages earned before injury, the employee is entitled to Supplemental Earnings Benefits (SEB). However, if the employee is not employed or self-employed, or is earning wages less than the employee is able to earn, the amount of SEB:
shall in no case be less than the sum the employee would have earned in any employment or self-employment ... which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.
La.R.S. 23:1221(3)(c)(i).
Plaintiff injured his back while loading and unloading packages on and off defendant's trucks. He was treated by Dr. Charles Strange for two herniated disks and released in April 1992 for light to medium level employment on a full-time basis.
The hearing officer found that after January 27, 1993, defendant did everything within its power to help plaintiff return to the labor market. In written reasons, the hearing officer found:
The evidence indicates and the claimants [sic] own testimony established the fact that he voluntarily removed himself from the labor force, not because of any disability, but because he simply did not wish to return to full-time employment. As previously stated, the medical evidence did not support the conclusion that he continued to be totally disabled, either partially or permanently.
. . . .
The evidence clearly demonstrates that after January 27, 1993, the claimant's separation from the labor force was due to *13 "other circumstances" and not due to any disability. This is true notwithstanding that I do not agree that telecommunication and telemarketing are viable job opportunities. Therefore, the claimant is not entitled to TTB or SEB after January 27, 1993.
The standard of review of findings of fact of a hearing officer in a workers' compensation case is manifest error. Doucet v. Baker Hughes Production Tools, 93-3087, p. 4 (La. 3/11/94), 635 So.2d 166, 168; Bruno v. Harbert Int'l, Inc., 593 So.2d 357, 361 (La. 1992).
Plaintiff testified he followed up on all of the numerous job leads provided to him by defendant's agent, Vicki Canezaro of Crawford Healthcare Management. However, after filling out applications, he did nothing further. Other than reading the newspaper and talking to friends, he neither applied nor investigated any other job opportunities.
Plaintiff also testified he had time-consuming obligations as an elder in his church. He is a member of Kingdom Hall of Jehovah's Witnesses. He stated that he spent approximately one hour in door-to-door "canvassing" and two more hours performing other church-related duties every morning, five days a week; that he had "shepherding" duties from 7:30 to 9:30 p.m. on Tuesdays and Thursdays; and that he also had church obligations on Saturdays, Sundays, and sometimes on other weeknights. Plaintiff testified his job with Federal Express was part-time. He accepted and held the job because it did not conflict with his church obligations.
Defendant confirmed with plaintiff's doctor that plaintiff had an approximately twenty percent permanent disability, but could return to work full-time with certain restrictions concerning lifting, climbing, and ability to change positions often. Defendant also confirmed with Strange the specific jobs for which plaintiff would be physically able. These jobs included telemarketer, telephone sales representative, counter clerk, automobile store cashier, automobile store counter clerk, bridge toll collector, gas station booth cashier, auto repair service inspector and service writer, and taxicab dispatcher. Defendant consistently provided leads for jobs along these lines through July 1993. Plaintiff was offered a part-time job soliciting sales for Resthaven Funeral Home, which would have been Tuesday through Fridays from 4:00 to 8:00 p.m. Plaintiff declined this position because it interfered with his church duties.
Based on all the evidence in the record, we cannot say the hearing officer was manifestly erroneous in finding plaintiff was no longer entitled to SEB. A plaintiff is entitled to SEB if the injury has resulted in the employee's inability to earn wages equal to ninety percent or more of wages at the time of injury. La.R.S. 23:1221(3)(a). The injured employee bears the burden of proving by a preponderance of the evidence that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Freeman v. Poulan/Weed Eater, 93-1530, p. 7 (La. 1/14/94), 630 So.2d 733, 739. If this burden is met, the burden shifts to the employer who must demonstrate jobs were offered or are available and the employee is physically able to perform them. Id.
The SEB statute does not permit a claimant to choose not to work and still collect SEB when he is physically able to work and jobs are available. Plaintiff did not prove his injury prevented him from earning his pre-employment wages. Plaintiff did have a twenty percent disability. However, the hearing officer was not clearly wrong in finding the disability was not what prevented plaintiff from working. Plaintiff did not contradict Canezaro's testimony when she testified plaintiff said he was not interested in any work which interfered with his church duties.
Furthermore, even if plaintiff's disability can be said to have prevented him from earning his pre-injury wages, the employer carried its burden of proving jobs were available that this claimant was physically able to perform. The employer is not required to demonstrate jobs are offered or available which meet all of the employee's personal desires or fit within a claimant's personal commitments. The jobs for which *14 plaintiff was approvedcashier, counter clerk, sales representativeare not skilled or especially scarce job opportunities. Defendant attempted for an entire year to direct plaintiff to such jobs. Plaintiff used little effort to follow up on these leads and no effort to find or follow any leads independently. For the foregoing reasons, the hearing officer's findings of fact were not manifestly wrong, and we affirm at plaintiff's costs.
AFFIRMED.