JjDECUIR, Judge.
Gregory Mouton filed a claim for workers’ compensation benefits seeking indemnity payments, guarantee of medical treatment, penalties, and attorney’s fees. The workers’ compensation judge made several factual findings: (1) Mouton’s wages were properly calculated at $7.00 per hour, (2) the employer properly terminated Mouton’s benefits upon his incarceration, (3) Mouton is not entitled to medical treatment by his choice of physicians while he is incarcerated, (4) the employer’s conversion of temporary total disability benefits to supplemental earnings benefits was proper, (5) vocational rehabilitation was adequately provided to Mouton, (6) Mouton is entitled to payment of indemnity for the first week of disability (September 7, 1995 to September 15, 1995) plus interest at 12%, and (7) Mouton is entitled to attorney’s fees in the amount of $500.00 for the employer’s failure to pay benefits for the first week of disability. Mouton has appealed the judgment asserting various assignments of error.
1 ^Mouton first contends the workers’ compensation judge erred in holding his hourly wage rate was $7.00 rather than $8.50. The hourly wage rate of an employee is a factual question. “The *743 standard of review of findings of fact of a hearing officer in a workers’ compensation case is manifest error.” Blanchard v. Federal Express Corp., 95-0349, p.3 (La.App. 1 Cir. 11/9/95); 665 So.2d 11, 13.
Mouton testified he was working for his brother-in-law, Darren Fife, at the time of the injury at a rate of $8.50 per hour. Mouton also testified he was paid in cash and did not file income tax returns, so he did not have any documentation to prove his wage rate. Stephanie Nadler, the original adjuster handling this file, testified she spoke with Darren Fife shortly after Mouton’s accident. When she asked Mr. Fife Mouton’s wage rate, he responded he hired Mouton at “seven for forty.” Unsure of what that meant, Ms. Nadler asked Mr. Fife to clarify the phrase “seven for forty.” Mr. Fife told her it meant seven dollars an hour for a forty hour work week. Ms. Nadler also testified that she did not later receive, from either Mr. Fife or Mouton, any indication that the wage rate was incorrect. She made a notation of “seven for forty” on the claim assignment report.
Carol Rademacher, the adjuster who handled the file after Ms. Nadler, also testified concerning Mouton’s wage rate. Ms. Rademacher testified she contacted Mr. Fife approximately three weeks prior to trial regarding Mouton’s hourly wage. When Ms. Rademacher spoke to Mr. Fife, he said Mouton was paid $8.50 per hour.
There is conflicting testimony in the record regarding the hourly wage Mouton was receiving at the time of this injury. The judge had to make a factual determination regarding the actual wage rate, and such factual determination is subject to the manifest error rule. Blanchard, 665 So.2d 11. Given the directly [.-¡conflicting testimony in the record, and considering that Mouton did not contest the calculation of benefits prior to trial, we find no manifest error in this factual finding.
In the second assignment of error, Mouton asserts the judge erred in failing to find that his dependents rely on his compensation payments for their support. The record reveals that in October of 1996, the employer terminated benefits because Mouton failed to appear at several medical appointments. The employer later discovered that Mouton was incarcerated. Upon receiving documentation from Mouton’s wife, the employer voluntarily reinstated benefits, despite Mouton’s incarceration, presumably pursuant to La.R.S. 23:1201.4, which provides for payment of compensation to an employee’s dependents when the employee is incarcerated, upon a finding that the dependents rely on the compensation award for their support.
The documentation of dependency was unrefuted and is included in the record. The workers’ compensation judge, however, did not make a ruling on dependency because the question was not at issue. Though not urged in brief, Mouton may be concerned about future benefits to his wife because her dependency status has not been judicially established. While this concern is certainly legitimate, it is not within the province of this court to adjudicate a wife’s future status in the event benefits to the wife are later terminated. The wife’s status at some future date can be determined, if necessary, at that time.
Mouton next asserts the judge erred in finding that the employer’s reduction in the amount of benefits was proper. While incarcerated, Mouton was examined by a physician in the prison who released him to work without restriction. Because Mouton’s treating physician refused to see him due to his incarceration, Mouton contacted the vocational rehabilitation counselor for assistance in being evaluated by | ¿another doctor. The rehabilitation counselor arranged for an examination by Dr. Gidman who cleared Mouton for work with certain restrictions.
The employer then requested a labor market survey from the vocational rehabilitation counselor. Said survey was performed, and several jobs meeting Dr. Gid-man’s restrictions were identified. Of *744 course, Mouton could not apply for any of these jobs because of his incarceration. The employer then reduced Mouton’s benefits to a supplemental earnings benefit offset rate in accordance with and as a result of Dr. Gidman’s opinion that Mouton could return to work with restrictions.
Mouton argues that his benefits should not have been reduced from temporary total to supplemental earnings benefits because he could not apply for any jobs due to his incarceration. The employer argues that confinement in jail should not preclude a reduction in benefits to SEBs if the claimant is physically able to perform some work.
There appears to be no jurisprudence in this state addressing the issue of whether an employee’s compensation can be reduced to supplemental earnings benefits when he is physically able to perform some work but is unable to work because of imprisonment. In Blanchard, 665 So.2d at 13, the court stated:
The SEB statute does not permit a claimant to choose not to work and still collect SEB when he is physically able to work and jobs are available. Plaintiff did not prove his injury prevented him from earning his pre-employment wages. Plaintiff did have a twenty percent disability. However, the hearing officer was not clearly wrong in finding the disability was not what prevented plaintiff from working. Plaintiff did not contradict Canezaro’s testimony when she testified plaintiff said he was not interested in any work which interfered with his church duties.
In Blanchard, the plaintiff was not entitled to collect SEB benefits because he chose not to work even though he was physically able to work despite his disability. In the instant case, the employer presented evidence showing that Mouton could Rwork, albeit with restrictions, jobs were available within his restrictions, and he would be entitled to SEBs if he were not incarcerated. Blanchard is analogous to the instant case to the extent that it requires the court to focus on the claimant’s ability to work and not simply on the fact that the claimant is not presently working. Accordingly, we find no error in the workers’ compensation judge’s findings that Mouton’s ‘dependents are entitled to the same benefits while he is imprisoned as he would receive when not imprisoned.
Mouton next raises as an assignment of error the failure of the judge to award one week of unpaid benefits, plus the proper penalty under La.R.S. 23:1201 (F) and sufficient attorney’s fees. The judge found Mouton had not been paid, and was entitled to payment, for the first week of disability; the judgment included this award. On that amount, she awarded “... interest at 12% and legal interest from the date of this Judgment until paid.” Additionally, during the hearing, the judge stated:
No reason was given for the failure to pay the first week of indemnity. Without having tendered any explanation for its failure to do so, the Court finds the insurer’s actions in this regard arbitrary, capricious and without reasonable cause.
It is clear from the comments of the judge that the 12% figure is a penalty not interest. We conclude, however, that the 12% penalty was not the proper penalty under La.R.S. 23:1201(F) for the failure to pay benefits for the first week of disability. La.R.S. 23:1201(F) provides, in pertinent part:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a *745 maximum of two thousand dollars in the aggregate for any claim.
|fiIn Rose v. Martco, Inc., 96-268, p.10 (La.App. 3 Cir. 10/9/96); 689 So.2d 464, 469, writ denied, 96-2674 (La.1/10/97); 685 So.2d 143, this court stated, “Under La. R.S. 23:1201(F), hearing officers lack discretion to arbitrarily fix the penalty award.” One of the issues in Rose was the defendant’s failure to pay a $35.00 medical bill which remained unpaid in excess of 40 days. The judge awarded a penalty of $1,000.00. In reviewing that award, this court stated:
In this instance, the officer’s method for arriving at her $1,000.00 penalty figure conspicuously defies and is clearly inconsistent with the plain method set forth in Section 1201(f). Accordingly, we grant the relief Rose seeks upon this portion of his second error assignment. Martco is hereby ordered to pay Rose a $2,000.00 penalty plus legal interest thereupon from the date of judicial demand until paid.

Id.

In the instant case, the judge found the employer failed to pay Mouton $186.66 for the first week of disability. La.R.S. 23:1201(F) requires the employee be awarded the greater of 12% of the unpaid compensation or fifty dollars per day for each day the compensation remains un-. paid, not to exceed two thousand dollars. The workers’ compensation judge lacks discretion to arbitrarily fix the amount of the penalty. Therefore, we find the judge erred in failing to award the greater penalty of fifty dollars per day for each day the compensation remains unpaid, not to exceed two thousand dollars. Accordingly, the employer is ordered to pay Mouton $2,000.00 as a penalty for failure to pay benefits for the first week of disability. Mouton is not entitled to penalties for the reduction of benefits to SEBs as we have determined that the reduction was proper.
The final issue raised by Mouton is the award of $500.00 in attorney’s fees. Mouton asserts the record shows his attorney spent 51 hours on this case through the date of trial, not including the time spent on the appeal; therefore, the award of attorney’s fees should be raised to a reasonable rate. The award of attorney’s fees |7was granted because the employer failed to pay benefits for the first week of disability. Therefore, the total hours the attorney spent on the case up to trial will not be considered in determining the amount of the attorney’s fees. As the award of attorney’s fees was made only for the employer’s failure to pay the first week of benefits, this court finds an award of $500.00 to be reasonable.
For the above and foregoing reasons, the judgment below is reversed in part and affirmed in part. That portion of the judgment awarding “interest at 12%” is reversed and the plaintiff is hereby awarded a penalty in the amount of $2,000.00. In all other respects, the judgment of the trial court is affirmed.
REVERSED, IN PART; AFFIRMED, IN PART.