938 So.2d 799 (2006)
Alvin CARRAL
v.
WINN-DIXIE LOUISIANA, INC.
No. 2005 CA 1482.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*800 Thomas J. Hogan, Jr., Hammond, for Plaintiff-Appellant, Alvin Carral.
James M. Taylor, Gina Talluto Cursain, New Orleans, for Defendant-Appellee, Winn-Dixie Louisiana, Inc.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
CARTER, C.J.
Claimant, Alvin Carral (Carral), appeals the denial of his workers' compensation claim for supplemental earnings benefits (SEB). The workers' compensation judge (WCJ) granted summary judgment in favor of the employer, Winn-Dixie Louisiana, Inc. (Winn-Dixie). For the following reasons, we affirm.

FACTS
Carral was an order selector at Winn-Dixie's warehouse in Hammond, Louisiana. It is undisputed that Carral was injured on July 5, 2003 when a fire extinguisher fell on his back while he was working in the water aisle. Carral immediately sought medical attention at a hospital emergency room. He was diagnosed with a thoracic and lumbar strain/contusion. Carral followed up with his treating physician, Dr. Michael Dunn, who prescribed medication and eventually referred Carral to an orthopedic surgeon, Dr. Gordon McFarland. Dr. McFarland prescribed medication and physical therapy. Both doctors placed Carral on light-duty work, which Winn-Dixie provided at Carral's full rate of pay.
In November 2003, Drs. Dunn and McFarland separately released Carral to full-duty work on a trial basis. However, Carral was unable to return to full-duty work at Winn-Dixie because he was terminated on November 12, 2003 pursuant to a "three strikes you're out" policy after being late for work.[1] Carral obtained 22 weeks of unemployment benefits beginning in December 2003. Drs. Dunn and McFarland discharged Carral from treatment in December 2003.
Carral did not seek further medical treatment for his back injury until April 14, 2004, when he saw Dr. Anthony S. Ioppola. Dr. Ioppola ordered an MRI scan which took place on June 14, 2004. The MRI revealed facet-joint inflammation. Dr. Ioppola recommended facet-joint injections, and Winn-Dixie's workers' compensation carrier approved the treatment; however, because of transportation problems, Carral did not receive the injections. *801 Dr. Ioppola was of the opinion that Carral could work with light-duty restrictions.
On August 18, 2004, Carral filed a disputed claim for compensation for SEB, alleging that he had not been able to return to work since November 12, 2003. Winn-Dixie answered and filed a motion for summary judgment, arguing that Carral was able to work and, therefore, Carral could not meet his burden of proof for SEB that his injury rendered him incapable of earning ninety percent of his pre-injury wages. After a hearing, the WCJ granted summary judgment in favor of Winn-Dixie, finding that Carral became "separated from his employment" for reasons unrelated to his injury and he had not met his burden of proof for SEB. Carral appeals, contending that the WCJ's judgment is wrong as a matter of law.

DISCUSSION
The purpose of SEB is to compensate the injured employee for wage earning capacity he has lost as a result of an accident. Hurst v. Baker Sand Control, 94-2463 (La.App. 1 Cir. 10/6/95), 671 So.2d 408, 411. Louisiana Revised Statute 23:1221(3)(a) provides that SEB shall be paid "[f]or injury resulting in the employee's inability to earn wages equal to ninety percent or more of wages at time of injury." The claimant in a SEB case bears the initial burden of proving by a preponderance of the evidence that a work-related injury resulted in his inability to earn that amount under the facts and circumstances of the individual case.[2]Blanchard v. Federal Express Corp., 95-0349 (La. App. 1 Cir. 11/9/95), 665 So.2d 11, 13. A claimant is not entitled to SEB when his inability to earn wages equal to ninety percent of his pre-injury wages is due to circumstances other than his work-related injury. Hurst, 671 So.2d at 412. The SEB statute does not permit a claimant to choose not to work and still collect SEB when he is physically able to work and jobs are available. Blanchard, 665 So.2d at 13.
Ordinarily, findings of fact and the determination of whether a claimant has satisfied his burden of proof in a workers' compensation case is considered on appeal under the manifest error standard of review. Id.; Derrick v. Yamaha Power Sports of New Orleans, 03-184 (La.App. 5 Cir. 6/19/03), 850 So.2d 829, 834. However, because these issues have been raised in a summary judgment proceeding, we must review de novo the ruling of the WCJ, using the same criteria applied by the WCJ. See Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Guidry v. Stabil Drill Specialist, 05-1562 (La.App. 3 Cir. 5/3/06), 929 So.2d 814, 816.
Under de novo review, we find the record in its entirety reveals no genuine issue of material fact in dispute. See LSA-C.C.P. art. 966B. This is a situation where the claimant had been released to full-duty work after continuing to work on light-duty, earning his prior wage after his injury, but was terminated by the employer for unrelated reasons. The record reveals indisputably that Carral's termination was for failure to meet production quotas prior to his injury and tardiness, not for reasons *802 related to his accident, injury, physical condition, or medical treatment. Under these circumstances, we find the evidence sufficiently supports the WCJ's determination that Carral had failed to show the existence of any genuine issue of material fact, and summary judgment was properly rendered against him. See Seidl v. Zatarain's Inc., 05-780 (La.App. 5 Cir. 3/28/06), 927 So.2d 557, 563-64.
Further, Carral failed to establish the existence of any question of material fact regarding whether his injury was preventing him from earning ninety percent of his pre-injury wages. Although Carral complained of back pain after the date of his termination at Winn-Dixie, there is no evidence that the pain rendered him incapable of working and earning ninety percent of his pre-injury wages. All three doctors were of the opinion that Carral could work, and Carral did in fact work, earning his full wages, up until the date of his termination.

CONCLUSION
For the foregoing reasons, we affirm the WCJ's judgment. Claimant, Alvin Carral, is cast with all costs of this appeal.
AFFIRMED.
NOTES
[1] This was Carral's third violation within a twelve-month period. The other two violations dealt with missing production quotas prior to his date of injury.
[2] If successful, the claimant establishes a prima facie case for SEB and the burden of proof shifts to the employer to show the claimant is physically capable of work. Alternatively, if the claimant alleges substantial physical pain prevents him from performing work offered or available paying at least ninety percent of his pre-injury wages, the employee must prove this by clear and convincing evidence. See Vicknair v. Nature Conservancy, 97-2229 (La.App. 1 Cir. 6/29/98), 718 So.2d 476, 479, writ denied, 98-2495 (La. 11/25/98), 729 So.2d 567.