HIGGINBOTHAM, J.
| ;>This appeal arises out of a disputed claim for workers’ compensation. For the following reasons, we affirm the judgment rendered by the Office of Workers’ Compensation judge (WCJ).
BACKGROUND
Gail Wolf, claimant-appellant, was injured in a motor vehicle accident on May 5, 2009, during the course and scope of her employment as an Inspector I with the City of Baton Rouge/Parish of East Baton Rouge, in the department for Mosquito Abatement and Rodent Control (City/Parish). (R. 4-5, 80) Dr. Jorge E. Isaza treated Ms. Wolf for neck, back, shoulder, and knee pain and released her for modified sedentary duty on a full-time basis in May 2010. (R.161, 169, 206-208) Ms. Wolfs work restrictions included no repetitive lifting over 10 pounds, occasional lifting up to a maximum of 15 pounds, and no repetitive bending, but she could drive a truck at *354 work.[1] (R. Ex. C/P5, C/P9, C/P 12 and C/P18)
In mid-May 2010, Ms. Wolf missed five consecutive days of work without providing a doctor’s excuse as required by City/Parish personnel rules. Shortly thereafter, a dispute arose between Ms. Wolf and the City/Parish over whether Ms. Wolfs treating physician had modified her work restrictions to allow driving while on the job. (R.206-209, 288) The City/Parish contends that Ms. Wolfs work restrictions were always accommodated. (R.208-209, 229, 268, 280, 285-286, 290, 293, 296) On May 18, 2010, Ms. Wolf reported for work without her steel-toed boots that were required for her job that included driving a City/Parish vehicle. (R.270, 284) Ms. Wolfs supervisors# sent her home to retrieve her work boots, but she never returned to work. (R. 270-271, 284-285, 294) The City/Parish regarded |sMs. Wolfs actions as grounds for termination due to the abandonment of her job. (R. 273-276, 281-282, 285, 295)
The City/Parish suspended Ms. Wolf without pay on May 25, 2010, and discontinued her Supplemental Earnings Benefits (SEB) as of May 17, 2010.[2] (R. 80, 170,173,178, 249, Ex. P-27, Ex. P-31) Ms. Wolf subsequently filed a disputed claim form in June 2010, claiming that the City/Parish wrongfully terminated her SEB and seeking penalties and attorney’s fees. (R. 4-5) Dr. Isaza modified Ms. Wolfs work restrictions again on June 10, 2010, restricting her to office type activities and no excessive driving. Her restrictions were modified yet again on August 5, 2010, when she was restricted to light sedentary duty and no driving when she took narcotic medications. (R. Ex. C/P18) On August 4, 2010, the City/Parish terminated Ms. Wolfs employment with the City/Parish for abandonment of her job. (R. 80) The WCJ held a hearing on the merits of Ms. Wolfs claim on June 29, 2011. The sole issue before the WCJ was whether Ms. Wolf was entitled to SEB from the date of suspension, May 18, 2010, to the date of the hearing, and if so, whether the City/Parish’s failure to reinstate benefits or to pay benefits was arbitrary and capricious, giving rise to penalties and attorney’s fees. (R. 75, 83) After taking the matter under advisement, the WCJ signed a judgment on July 14, 2011, finding that the City/Parish owed Ms. Wolf for eight weeks of SEB from June 11, 2010 to August 5, 2010, which was the time period that Ms. Wolfs work restrictions were modified to restrict her to office-type activities and no excessive driving. The WCJ further found that the City/Parish had not been arbitrary and capricious in the handling of Ms. Wolfs claim.
Ms. Wolf appealed and filed a pro se brief, contending that the WCJ erred in determining three factual issues that: (1) Ms. Wolf failed to notify the City/Parish |4that she was not returning to work until suitable work within her restrictions was found; (2) Ms. Wolf had relinquished her chance to return to work on May 25, 2010, and (3) Ms. Wolf had abandoned her employment. Ms. Wolfs appellate brief did not elaborate on why the WCJ’s findings were erroneous, but she obviously challenges the WCJ’s conclusion that she was only entitled to SEB for an eight-week period after she was suspended for personnel issues, because she believes that the *355 job the City/Parish wanted her to do (driving to field locations rather than office work) did not comply with her doctor’s restrictions.[3]
LAW AND ANALYSIS
The standard of review for findings of fact in a workers’ compensation case is manifest error. Blanchard v. Federal Exp. Corp., 95-0349 (La.App. 1st Cir.11/9/95), 665 So.2d 11, 13. A claimant is entitled to SEB if the injury has resulted in the employee’s inability to earn wages equal to ninety percent or more of wages at the time of the injury. La. R.S. 23:1221(3)(a). The injured employee bears the burden of proving by a preponderance of the evidence that the injury resulted in her inability to earn that amount under the facts and circumstances of the individual case. Carral v. Winn-Dixie Louisiana, Inc., 2005-1482 (La.App. 1st Cir.6/9/06), 938 So.2d 799, 801. If this burden is met, the burden shifts to the employer to demonstrate that jobs were offered or are available and the claimant is physically able to perform them. Blanchard, 665 So.2d at 13. A claimant is not permitted to choose not to work and still collect SEB when she is physically able to work and jobs are available. Id. Additionally, a claimant is not entitled to SEB when her inability to earn wages equal to at least ninety percent of her pre-injury | ¡{wages is due to circumstances other than her work-related injury. Carral, 938 So.2d at 801. The findings of fact and the determination of whether a claimant has satisfied her burden of proof in a workers’ compensation case are considered on appeal under the manifest error standard of review. Id.
Based on all of the evidence in the record, we cannot say that the WCJ was manifestly erroneous in finding that Ms. Wolf was only entitled to SEB for an eight-week period, because that was the only time period at issue when Ms. Wolfs work restrictions prevented her from driving. Thus, other than during that eight-week period, the City/Parish job that was always available to Ms. Wolf never required her to do any duties in derogation of those approved by her physicians. As such, she was not entitled to refuse to return to work or attempt to perform the work on that basis. See Coleman v. Walter Industries, Inc./Jim Walter Homes, 2010-1145 (La.App. 1st Cir.2/11/11), 56 So.3d 1258, 1262 (a claimant is not entitled to collect SEB when her treating physician has released her for light duty employment, the employer offers work within her restrictions at the same wage and hours, but the claimant refuses to accept the work or refuses to attempt to perform the work). See also Fusilier v. Slick Const. Co., 94-11 (La.App. 3d Cir.6/1/94), 640 So.2d 788, 791.
We conclude, as did the WCJ, that Ms. Wolfs work injury is not what prevented her from working or earning at least ninety percent of her pre-injury wages (except during the eight-week period where her restrictions were different from the requirements for the available job). Rather,' it was her suspension and termination for violation of City/Parish personnel policies that prevented her from working. Furthermore, even if Ms. Wolfs injuries can *356 be said to have prevented her from earning ninety percent or more of her pre-injury wages, the City/Parish carried its burden of proving that at all times until Ms. Wolfs work restrictions were modified for that particular eight-week period, Ms. Wolfs job with the | fiCity/Parish was available and met all of her medical restrictions. Thus, there is no reason that Ms. Wolf could not have continued to work for the City/Parish, but for her suspension and termination from her employment with the City/Parish. We also find that the City/Parish reasonably controverted Ms. Wolfs claims and that its actions were neither arbitrary nor capricious. Accordingly, we find no error in the WCJ’s judgment.
CONCLUSION
For these reasons, the WCJ judgment is affirmed. Appeal costs are assessed against claimant-appellant, Gail Wolf.
AFFIRMED.

. Prior to May 2010, the City/Parish accommodated Ms. Wolf's work restrictions by allowing her to do office work instead of driving to inspection sites. (R. 208)

. The parties stipulated that workers’ compensation indemnity benefits and medical expenses were paid by the City/Parish from the date of injury through May 18, 2010. (R. 80-82)

. In its brief, the City/Parish attempted to raise an assignment of error contesting the WCJ’s award of SEB for eight weeks; however, the City/Parish failed to comply with La. Code Civ. P. art. 2133, which requires an appellee who desires to have the judgment modified, revised, or reversed to file either an appeal or answer to appeal not later than fifteen days after the return date or the lodging of the record, whichever is later. The City/Parish failed to do so and thus, the issue of whether Ms. Wolf was entitled to any SEB has not been properly presented to this court.