NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0413

CLEARTRAC, LLC

VERSUS

LANRICK CONTRACTORS, LLC, LANRICK REAL ESTATE LLC,
SOUTHEAST DIRT, LLC, HUDSON HOLDINGS, LLC, HUDSON HOLDINGS
EQUIPMENT, LLC AND THOMAS P. MCKELLAR

Judgment Rendered: **MAR 0 4 2022**

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2017-2180

The Honorable Jeffrey S. Johnson, Judge Presiding

* * * * *

Brett M. Bollinger                    Attorneys for Plaintiff/Appellant
Jeffrey E. McDonald                   Cleartrac, LLC
L. Peter Englande
Covington, Louisiana


Patrick K. Reso                       Attorneys for Defendants/Appellees
Frank J. Divittorio                   Lanrick Contractors, LLC, Lanrick
Hammond, Louisiana                    Real Estate, LLC, Southeast Dirt,
                                      LLC, Hudson Holdings, LLC, Hudson
                                      Holdings Equipment, LLC and
                                      Thomas McKellar

* * * * *

BEFORE:   WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**PENZATO, J.**

Cleartrac, LLC seeks review of a trial court judgment sustaining a peremptory exception raising the objection of no right of action filed by Lanrick Contractors, LLC. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Cleartrac, LLC, a Texas limited liability company, filed the subject Petition to Enforce Judgment against Lanrick Contractors, LLC, a Louisiana limited liability company, in July 2017. According to the Petition, Cleartrac obtained a judgment against Lanrick Contractors Corp. in Texas on August 26, 2010. The Petition further alleges that the Texas judgment was made executory in the 21st Judicial District Court and 22nd Judicial District Court in 2011. The Texas judgment and the Louisiana proceedings making the judgment executory in this State are attached to Cleartrac's Petition. Cleartrac maintains that Lanrick Contractors, LLC is the successor of Lanrick Contractors Corp.; therefore, the liabilities of Lanrick Contractors Corp. remain the liabilities of Lanrick Contractors, LLC (both entities are collectively referred to as "Lanrick").[1] Cleartrac prayed for a writ of seizure and sale directing the sheriff to seize and sell Lanrick's property to satisfy its claim pursuant to the Texas judgment.

After filing an answer and reconventional demand, Lanrick asserted an exception raising the objection of no right of action. Lanrick maintained that Cleartrac voluntarily dissolved its legal existence as of June 25, 2014 and, therefore, had no right to bring a claim to enforce the Texas judgment more than three years after its termination pursuant to Texas Business Organizations Code § 11.356(a).

---

[1] Cleartrac subsequently amended the Petition to Enforce Judgment to name additional defendants. However, none of these parties filed an exception of no right of action, and there are no issues related to these parties in the current appeal.

2

Cleartrac opposed the exception based on Texas Business Organizations Code § 11.356(c)(1), asserting that it was entitled to enforce the Texas judgment.

A hearing on the exception of no right of action was held on August 5, 2019. It is evident from the transcript and minute entry that no evidence was introduced during this hearing. After much discussion, the trial court orally agreed to provide Cleartrac an opportunity to amend the Petition to Enforce Judgment to show that its successor had the capacity to enforce the Texas judgment. No amendment was filed.

Following additional proceedings not pertinent here, the trial court rendered a final judgment on December 29, 2020, sustaining Lanrick's exception of no right of action and dismissing Cleartrac's claims. It is from the December 29, 2020 judgment that Cleartrac appeals.

## EXCEPTION OF NO RIGHT

The exception raising the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. La. C.C.P. art. 927(A)(6). *Holmes v. City of Baker School Board*, 2019-0404 (La. App. 1st Cir. 12/12/19), 295 So. 3d 403, 406. The party raising a peremptory exception bears the burden of proof. *Jenkins v. City of Baton Rouge*, 2014-1235 (La. App. 1st Cir. 3/9/15), 166 So. 3d 1032, 1035. To prevail on an exception raising the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the lawsuit or the legal capacity to proceed. *Holmes*, 295 So. 3d at 406.

If the pleadings fail to disclose a right of action, the claim may be dismissed without evidence. However, if the pleadings state a right of action, the party raising the exception may introduce evidence to controvert the pleadings, and the plaintiff may introduce evidence to controvert any objections. La. C.C.P. art. 931; *Reyer v. Milton Homes, LLC*, 2018-0580 (La. App. 1st Cir. 2/25/19), 272 So. 3d 604, 608. On consideration of an exception of no right of action, the averments of fact in the

3

pleadings will be taken as true in the absence of evidence to the contrary. *1900 Highway 190, L.L.C. v. City of Slidell*, 2015-1755 (La. App. 1st Cir. 6/3/16), 196 So. 3d 693, 698.[2] Where doubt exists regarding the appropriateness of an exception of no right of action, it is to be resolved in favor of the plaintiff. *Pearce v. Lagarde*, 2020-1224 (La. App. 1st Cir. 10/7/21); 330 So. 3d 1160, 1167, writ denied, 2022-00010 (La. 2/22/22), ---So. 3d ---, 2022 WL 521744.

The facts set forth above demonstrate that Cleartrac's Petition to Enforce Judgment states a right of action. Lanrick failed to introduce evidence to support its assertion that Cleartrac voluntarily dissolved its legal existence as of June 25, 2014 and had no right to bring an enforcement action against it. While Lanrick attached exhibits to its memorandum in support of the exception, including the certificate of termination, none of those documents were introduced into evidence during the trial on the exception. Unless properly offered and introduced into evidence, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Denoux v. Vessel Management Service, Inc.*, 2007-2143 (La. 5/21/08), 983 So. 2d 84, 88. Therefore, Lanrick failed to meet its burden of proof, and the trial court improperly sustained the exception.

## APPELLEE'S REQUEST FOR ATTORNEY'S FEES

Lanrick requested in its brief that all trial court and appellate costs be assessed to Cleartrac and further sought an award of attorney's fees in its favor. Lanrick did not file an answer to the appeal or file its own appeal. Pursuant to La. C.C.P. art. 2133, an appellee who desires to have the judgment modified, revised, or reversed must file an appeal or an answer to the appeal not later than fifteen days after the return date or the lodging of the record, whichever is later. Lanrick failed to do so

---

[2] If no evidence is introduced to support or controvert the objection, the peremptory exception must be decided based upon the facts alleged in the petition with all allegations accepted as true. *Duplessis Buick-GMC Truck, Inc. v. Chauncey*, 2020-0914 (La. App. 1st Cir. 2/24/21), 322 So. 3d 262, 269.

4

and is not entitled to attorney's fees as the issue has not been properly presented to this court. *See Wolf v. City of Baton Rouge*, 2012-0155 (La. App. 1st Cir. 11/2/12), 111 So. 3d 352, 355 n.3. Additionally, because we have found in favor of Cleartrac and against Lanrick, we do not assess costs against Cleartrac.

## CONCLUSION

For the reasons set forth above, the December 29, 2020 judgment of the trial court sustaining the exception raising the objection of no right of action in favor of Lanrick Contractors, LLC and against Cleartrac, LLC is reversed. All costs of this appeal are assessed against Lanrick Contractors, LLC.

**REVERSED AND REMANDED.**