607 So.2d 898 (1992)
Duncan SMITH, Plaintiff-Appellee,
v.
UNR HOME PRODUCTS, et al., Defendant-Appellant.
No. 24152-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
Rehearing Denied November 25, 1992.
Hudson, Potts & Bernstein by W. Lee Perkins, Jr., Monroe, for defendant-appellant.
Bobby Culpepper, Jonesboro, for plaintiff-appellee.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
*899 LINDSAY, Judge.
The defendant, UNR Home Products (UNR), appeals a judgment by a workers' compensation hearing officer finding that the plaintiff, Duncan Smith, carried his burden of proving that he suffered a work-related accident on October 19, 1990. For the following reasons, we reverse.

FACTS
The defendant, UNR, is a company that manufactures residential stainless steel sinks. The plaintiff was employed as a press operator. His duties include picking up a sink shape from a stack and using a piece of machinery to trim off one side of the sink shape before placing it on a conveyor belt to be passed along to the welders. The sink shapes were stacked on a pallet and were frequently stuck together, requiring the plaintiff to pick up several at a time and strike them against the floor to separate them. The weight of the sinks varies according to size from approximately 3¼ pounds to 7½ pounds.
The plaintiff had been employed by UNR approximately 16 months at the time of the alleged accident. He started out on a different job but was moved to the press operator position only a month or two before the alleged accident. The plaintiff stated that he had trouble with sore muscles from the beginning of working as a press operator, but thought the soreness was attributable to the use of previously unused muscles.
The plaintiff claimed that on Friday, October 19, 1990, shortly before the end of his shift, while lifting some sinks he felt a sharp, sudden pain in his back. He asserted that he stopped working for a few minutes and then continued his work, finishing his shift. The plaintiff did not make an injury or accident report to his supervisor. He stated that he thought perhaps his pain would subside during the weekend and he would be able to return to work on Monday. However, the plaintiff asserted that upon leaving the plant after his shift, he told a co-worker, with whom he rode home, that he had injured his back.
The plaintiff alleged that his symptoms became worse during the course of the weekend. On Monday, October 22, 1990, the plaintiff called in and told his supervisor that his back was hurting and he was going to LSU Medical Center. The plaintiff did not tell the supervisor he had been injured on the job.
According to Monty J. Raley, personnel manager for UNR, the company's first notice that the plaintiff was contending that he had an accident on the job came on October 25, 1990. On that day, the plaintiff called to inquire as to whether he would be compensated for his time missed from work.
UNR investigated the claim and took the position that the plaintiff failed to show that he was injured by an accident on the job. Therefore, UNR refused to pay workers' compensation benefits to the plaintiff. On February 27, 1991, the plaintiff filed a notice of disputed claim for compensation with the Office of Workers' Compensation.
On August 29, 1991, a hearing was held before a hearing officer from the Office of Workers' Compensation. The parties agreed that the trial of the case would be bifurcated and the sole issue tried on August 29 was whether the plaintiff sustained a job related accident. Other issues, including disability, were reserved for trial at a later date.
At the hearing, the plaintiff testified on his own behalf. A deposition given by the plaintiff prior to the hearing was also introduced into evidence. The plaintiff's wife, brother-in-law, sister-in-law and brother also testified that the plaintiff experienced severe back problems after completing his shift at UNR on October 19, 1990.
Roger Smitherman, the plaintiff's supervisor at UNR, and Monty J. Raley, testified that the company was not informed until October 25, 1990, that the plaintiff was contending that he had been injured on the job.
In a memorandum opinion and order, the hearing officer found that the plaintiff sustained a work-related accident on October 19, 1990, within the contemplation of the Workers' Compensation Act.
*900 UNR appealed the hearing officer's decision. On appeal, UNR contends that the plaintiff did not show an identifiable, precipitous event so as to prove a work-related accident. UNR argues that the plaintiff failed to carry his burden of proving, by a preponderance of the evidence, the occurrence of an accident within the definition of LSA-R.S. 23:1021(1). That statute defines an accident as follows:
"Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
UNR argues that the only evidence of an accident was the testimony of the plaintiff. UNR contends that although the testimony of the worker alone may be enough to establish an accident, that principle applies only when no other evidence discredits or casts serious doubt on the worker's version of the incident and if the worker's testimony is corroborated by the circumstances following the alleged incident.
UNR argues that in the plaintiff's pretrial deposition, he testified that he suffered a gradual deterioration or degeneration of his back, but at trial, he testified that on October 19, 1990, he felt a sudden, sharp pain in his back. UNR contends that plaintiff's deposition testimony and trial testimony cannot be reconciled and therefore the plaintiff has failed to carry his burden of proof.
On the contrary, the plaintiff argues that he pinpointed the date, time and place of the accident and his testimony was corroborated by his wife, family members, a co-worker and doctors' reports. Based upon these factors, plaintiff contends the judgment should be affirmed.
The plaintiff answered the appeal, arguing that UNR's appeal was frivolous and requesting penalties and attorney fees pursuant to LSA-C.C.P. Art. 2164. The plaintiff contends that the court may award damages for an appeal taken solely for the purpose of delay or where counsel for the appellant does not seriously believe in his legal position.
Based upon our review of the record, we find that the hearing officer was clearly wrong and manifestly erroneous in finding that the plaintiff carried his burden of proving a work-related accident.

BURDEN OF PROOF
As a threshold requirement, a worker in a compensation action must establish "personal injury by accident arising out of and in the course of his employment...." LSA-R.S. 23:1031. The applicable statutory definition of "accident" is "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." LSA-R.S. 23:1021(1).
This is a new statutory definition of accident which went into effect January 1, 1990, prior to the date of the alleged occurrence in this case. See Acts 1989, No. 454, § 1. This amendment changed the basic definition of accident found in LSA-R.S. 23:1021(1) to require that any injury which is suffered must be more than simply a gradual deterioration or progressive degeneration.[1] According to some scholarly writings, this additional language is clearly intended to reverse the established trend in the jurisprudence to permit coverage for disability which appears to be clearly work-related but does not fit the statutory definition of accident. 1 W. Malone & A. Johnson, Workers' Compensation Law and Practice, § 216, in 13 La.Civil Law Treatise (2d ed. 1980, 1992 supp.)
As in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident *901 by a preponderance of the evidence. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Bruno v. Harbert International, Inc., 593 So.2d 357 (La. 1992); Roszell v. National Union Fire Insurance Company, 602 So.2d 87 (La.App. 3rd Cir.1992).
Proof by a preponderance of evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La. App. 2d Cir.1991); Patterson v. GNB Battery, Inc., 569 So.2d 640 (La.App. 2d Cir. 1990), writ denied, 573 So.2d 1134 (La. 1991).
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) No other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert International, supra; Roszell v. National Union Fire Insurance Company, supra.
Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends and by medical evidence. Bruno v. Harbert International, supra.
In determining whether the worker has discharged his burden of proof, the finder of fact should accept as true the uncontested testimony of a witness, although the witness is a party, absent circumstances casting suspicion on the reliability of this testimony. Roszell v. National Union Fire Insurance, supra.
In 1 W. Malone & A. Johnson, Workers' Compensation Law and Practice, § 253, in 13 La.Civil Law Treatise (2d ed. 1980), the authors discussed proof by plaintiff's own testimony and stated as follows:
Rejection of the claimant's account may occur, for example, if co-workers are unable to confirm his version, or if in fact they deny that things proceeded in the manner indicated by the claimant. Internal inconsistencies or vagueness in the claimant's version, while not necessarily fatal, certainly do not assist him in discharging his burden. Failure to call a witness who would theoretically support the claimant's version may result in a presumption that his testimony would be damaging.
If the plaintiff's testimony contains discrepancies and inconsistencies, that testimony alone does not satisfy the plaintiff's burden of proof. Harris v. General Motors, 577 So.2d 1160 (La.App. 2d Cir.1991).
Whether the plaintiff carried his burden of proof and whether the plaintiff's testimony is credible are questions of fact to be determined by the trier of fact. Lubom v. L.J. Earnest, Inc., supra.
The standard of review of the fact-finder's conclusions is under the manifest error-clearly wrong standard. Great weight is given to the fact-finder's factual conclusions and reasonable inferences of fact. These will not be disturbed even though the reviewing court may feel its own evaluations and inferences are equally reasonable. Patterson v. GNB Battery, Inc., supra.

DISCUSSION
We find that the plaintiff failed to carry his burden of showing, by a preponderance of the evidence, that he sustained an accident on October 19, 1990, within the new definition of that term contained in LSA-R.S. 23:1021(1). As discussed above, the definition of "accident" requires a showing of an unexpected or an unforeseen actual, identifiable, precipitous event happening suddenly or violently with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. This new definition seems aimed at limiting the prior trend of permitting coverage for disability that does not fit the statutory definition of "accident."
In the present case, the plaintiff failed to prove that whatever disability he may have suffered was the result of an event happening suddenly or violently as opposed to a *902 gradual deterioration or progressive degeneration. The only evidence of a "sudden" occurrence is the plaintiff's testimony that on October 19, 1990, he felt a sharp pain in his back. No other person testified to observing the plaintiff at the time he states that he felt this sharp pain. The plaintiff did not tell anyone at work that afternoon that he was hurt. Rather, by the plaintiff's own testimony he did not think that he had sustained a work-related accident.
As noted above, the plaintiff's testimony alone may be sufficient to carry his burden of proof if no other evidence discredits or casts serious doubt upon the plaintiff's version of the incident and if the worker's testimony is corroborated by the circumstances following the alleged incident. The record in this case shows that these two factors are not satisfied.
The plaintiff testified that he never experienced any problems with his back prior to working as a press operator for UNR. He testified that during the few months that he had been working as a press operator, he frequently experienced muscle soreness in his back associated with the bending required to do the job. The plaintiff testified that sink shapes were stacked on pallets on each side of him and that he was required to shear off one side of the sink and then place it on a conveyor belt to be passed along to the welders. The plaintiff stated that the sink shapes frequently stuck together and he had to lift several at a time and knock them on the floor to loosen them. According to the plaintiff, he was supposed to process 1,300 to 1,500 sink shapes per day.
At the hearing, the plaintiff testified that approximately two hours before his shift ended on October 19, 1990, while trying to loosen a stack of sink shapes, he felt a sharp pain in his back and stopped working for about five minutes. The plaintiff stated that because it was near the end of the day, he decided to try to finish his shift. He also stated that at the time, he did not think he was seriously injured and thought that his back would be all right after the weekend.
The defendant, UNR, impeached the plaintiff's testimony by offering his deposition testimony given on July 19, 1991. In that deposition, the plaintiff stated that he had been bothered by sore muscles since he began working as a press operator, and that he noticed problems with his back almost every day. He testified that prior to the day of the alleged accident, his pain was in his lower back and that on the day the accident allegedly occurred, it was his lower back which was continuing to cause pain. He was asked whether, on October 19, 1990, he felt anything "pull out of place or pop or anything like that[.]" The plaintiff replied that he did not recall such an occurrence. The plaintiff was asked whether there was anything unusual about that day that caused him to hurt his back. The plaintiff replied as follows:
"Well, I was just working hard, all I know. I really don't exactly remember whether it was a certain accident that hurt my back, but I just remember that my back starting hurting and I stopped. Then I walked around and I just figured I was just having a back pain, backache."
The deposition testimony discredits the plaintiff's trial testimony that he felt a sharp pain on the date alleged. Further, it shows that the plaintiff himself did not assign great importance to the incident and he did not think it was anything more than sore muscles, a condition he had been experiencing since the beginning of his work as a press operator.[2]
Further, circumstances following the date and time that the plaintiff alleged he sustained an "accident" do not corroborate the plaintiff's allegations.
The plaintiff stated that he told a co-worker, Alton Ford, with whom he rode home, that he had injured his back at work that afternoon. However, Mr. Ford did not appear to testify at trial, and no explanation *903 was offered for the absence of this witness. Mr. L.T. McKinney, Jr., testified on behalf of the plaintiff and stated that he did ride home in the car with the plaintiff and Mr. Ford the afternoon the plaintiff was allegedly injured. He stated that the plaintiff indicated that he had been injured at work. However, the testimony of this witness was discounted by the plaintiff himself. The plaintiff testified that Mr. McKinney's employment with UNR had been terminated prior to October 19, 1990 and Mr. McKinney was not in the vehicle on the ride home that afternoon.
The plaintiff offered the testimony of family members in an attempt to corroborate his contention that he suffered a work-related accident on the date in question. The plaintiff presented the testimony of his wife, Stephanie Smith, his brother-in-law, Bernard Evans, his sister-in-law, Tara Yvonne Ferguson and his brother, Jeffrey Smith. These individuals testified that they observed the plaintiff during the weekend following October 19, 1990 and stated that he appeared to be having back pain and could not easily ride in a car or sit in a chair. Even though the testimony of these witnesses indicates the plaintiff had some sort of a back ailment, none of the testimony is corroborative of an "accident" within the statutory definition of LSA-R.S. 23:1021(1), as opposed to the culmination of a gradual deterioration or degeneration.[3]
Further, we note that the plaintiff did not immediately report a work-related accident to UNR. The plaintiff did not report an accident on the day he alleges he was injured because, by his own admission, on that day he did not think he had suffered an accident but merely had a backache. On the Monday following the alleged accident, even though the plaintiff contacted his supervisor at UNR to inform him he had been hurt and was going to seek medical attention, he did not state that he had been injured at work. The plaintiff did not report to UNR that he was claiming to have suffered a work-related accident until almost one week after the alleged occurrence. On October 25, the plaintiff contacted UNR to inquire as to whether his time off from work would be compensated. Only then did UNR become aware of the nature of Mr. Smith's claim.
We also find it highly significant that in presenting his case, the plaintiff offered no medical evidence at all in support of his claim. The plaintiff testified that he hurt his back and later sought medical attention, but there is not one scintilla of medical evidence in the record to substantiate the claim that the plaintiff was in fact injured, or whether any disability the plaintiff might have was the result of a sudden occurrence as opposed to the result of gradual deterioration or degeneration.[4]
Weighing the factors outlined above, we conclude that the plaintiff failed to prove by a preponderance of the evidence that he suffered a work-related accident within the statutory meaning of that term. The only evidence of a work-related accident is the plaintiff's trial testimony. This testimony was discounted by his prior deposition testimony and the plaintiff offered no medical corroboration whatever as to the nature of his alleged injury.

CONCLUSION
We conclude that the hearing officer was clearly wrong and manifestly erroneous in *904 finding that the plaintiff carried his burden of proving a work-related accident within the contemplation of the workers' compensation statute. Accordingly, we reverse the hearing officer's judgment and enter judgment in favor of the defendant, UNR Home Products, dismissing the plaintiff's claim for workers' compensation benefits.[5]
Costs in the proceedings below and in this court are assessed to the plaintiff, Duncan Smith.
REVERSED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, HIGHTOWER and VICTORY, JJ.
Rehearing denied.
NOTES
[1] Prior to the 1989 amendment, the definition of "accident" in LSA-R.S. 23:1021(1) provided that:

"Accident" means an unexpected or unforeseen event happening suddenly or violently, without human fault, and producing at the time objective symptoms of an injury.
[2] In its brief before this court, the defendant also argues that the plaintiff made prior inconsistent statements in a statement given to an investigator for the defendant. However, the statement was not mentioned at the hearing or introduced into evidence. Therefore, that statement is not properly before this court on review.
[3] We also note that in his deposition, the plaintiff stated that he lived with his grandmother at the time he allegedly injured his back. No mention was made of the plaintiff's girlfriend whom he married shortly before trial. However, at trial the grandmother was not called as a witness and the plaintiff's new wife claimed she was living with the plaintiff at the time he was allegedly injured. This is another example of the discrepancies between the plaintiff's deposition testimony and his trial testimony which call into question the plaintiff's veracity.
[4] We recognize that the trial of this matter was bifurcated and the present hearing concerned only the issue of whether the plaintiff sustained a work-related accident. However, in a case where the issue is whether the plaintiff sustained an accident, as opposed to a degeneration or deterioration, medical evidence is certainly pertinent to the inquiry. Such evidence may be required to show whether the plaintiff was in fact injured and whether the injury was the result of a sudden occurrence or whether the plaintiff was suffering from a degenerative or deteriorating condition which culminated in his claim of disability.
[5] Because we find in favor of the defendant, the plaintiff's claim that the defendant's appeal was frivolous is necessarily rejected.