| .PETTIGREW, J.
In this workers’ compensation action, the workers’ compensation judge (“WCJ”) rendered judgment in favor of defendant, Terrebonne Parish School Board, finding that claimant, Lillian Lyons, failed to meet her burden of proving she sustained a work-related injury and, thus, was not entitled to workers’ compensation benefits. In a judgment rendered November 15, 2002, the WCJ dismissed Ms. Lyons’ claim for benefits with prejudice. Ms. Lyons has appealed.
Prior to filing her appeal brief with this court, Ms. Lyons filed a motion to supplement the record on appeal with various documents relating to medical treatment that Ms. Lyons apparently received after trial on the merits. On June 2, 2003, another panel of this court referred this motion to the merits. We have considered the motion to supplement the record and must deny same as these documents appear to be new evidence not considered below. An appellate court must render its judgment upon the record on appeal. La.Code Civ. P. art. 2164. The record on appeal is that which is sent by the Office of Workers’ Compensation to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions, judgments and other rulings, unless otherwise designated. La.Code Civ. P. arts. 2127 and 2128. As an appellate court, we cannot review evidence that is not in the record on appeal and have no jurisdiction to receive new evidence. Hudson v. East Baton Rouge Parish School Bd., 2002-0987, p. 2 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 284-285.
With regard to the merits of Ms. Lyons’ appeal, we are mindful that factual findings in a workers’ compensation case are subject to the manifest error standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. As such, in order for an appellate court to reverse a workers’ compensation judge’s factual findings, it must find from the record that a reasonable factual basis does not exist for the findings of the workers’ compensation judge and that the record establishes that the findings are clearly wrong. See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Furthermore, when factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard | .demands great deference to the trier of fact’s findings; only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on the listener’s understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Following a thorough review of the record before us, we agree with the findings of the WCJ. Accordingly, we affirm the judgment below. In so doing, we attach and adopt the WCJ’s written reasons for judgment rendered on December 24, 2002, which correctly and succinctly set forth the facts of this case and applicable law. All costs associated with this appeal are assessed against claimant, Lillian Lyons.
JUDGMENT AFFIRMED; MOTION TO SUPPLEMENT APPEAL RECORD DENIED.
*741 [¿ATTACHMENT
LILLIAN LYONS VERSUS TERREBONNE PARISH SCHOOL BOARD
DOCKET NUMBER 01-06675
OFFICE OF WORKERS’ COMPENSATION
DISTRICT 9, HOUMA
STATE OF LOUISIANA
WRITTEN REASONS FOR JUDGMENT
STATEMENT OF THE CLAIM
The claimant, Lillian Lyons, filed a Disputed Claim for Compensation on September 10, 2001, against the defendant, Terre-bonne Parish School Board, alleging that no wage benefits had been paid, no medical treatment had been authorized, medical prescription not paid or authorized and for penalties and attorney fees due to defendant’s alleged arbitrary and capricious failure to inform their insurance carrier, authorize prescriptions and medical treatment and for failure to commence TTD benefits.
The issues presented to this Court at trial for consideration were: 1) whether or not the claimant’s, Lillian Lyons, current back injury is related to any injury which occurred while in the course of and arising out of her employment with defendant, Terrebonne Parish School Board; 2) whether or not the claimant, Lillian Lyons, has an earning capacity equal to or more than 90% of her average weekly wage since the time of her alleged accident; 3) whether or not the claimant, Lillian Lyons, is entitled to any workers’ compensation benefits, including temporary total bene-
fits, permanent partial benefits or supplemental earning benefits; 4) whether or not the claimant, Lillian Lyons, is presently disabled as a result of her alleged accident on July 31, 2001; 5) whether or not the claimant is entitled to medical benefits; 6) whether or not the claimant, Lillian Lyons, is entitled to penalties and attorney fees; 7) whether or not the defendant, Terre-bonne Parish School Board, is entitled to reduce benefits as provided in LSA-R.S. 23:1225; and 8) whether or not the defendant, Terrebonne Parish School Board, is entitled to a reduction of benefits under LSA-R.S. 23:1206.
FINDINGS OF FACT
1. Contrary to the claimant’s 1008, she did not report the alleged accident to Ms. Patricia Knightshed, a co-worker, on the date of the alleged accident, July 30, 2001.
2. The claimant stated on the 1008 that she had been “feeling sore for (2) two weeks prior to July 30, 2001 when on that day while lifting furniture, felt tingling. ..”. The claimant testified at trial she had not experienced pain prior to July 30, 2001.
|s3. The claimant also stated on the 1008 that Ms. Knightshed, Jimmy Andras, claimant’s supervisor and John Chais-son, a co-worker, were witnesses to the alleged accident. All three testified the claimant did not tell them about the alleged accident on the date it happened. 4. The claimant did not report the alleged accident of July 30, 2001 until she called Mr. Andras, at home on Sunday, August 19, 2001 to tell him that she would not be back to work that Monday. The claimant worked for two weeks after the alleged accident at her regular duties as a custodian without her co-workers or supervisor noticing the claimant had suf *742 fered injuries from an alleged on the job accident on July 30, 2001.
5. The claimant’s testimony was vague and did not recite an event happening suddenly or violently that caused the alleged accident or injuries. The claimant did not present any witnesses to corroborate her allegation that she sustained injuries from an alleged accident happening on July 30, 2001 while she was in the course of and arising out of her employment with defendant.
6. The medical evidence provided by the claimant does not relate any pain or condition she has to any alleged accident.
CONCLUSIONS OF LAW
In Smith v. UNR Home Products, 607 So.2d 898 (La.App. 2nd Cir.1992) the issue was whether the claimant suffered a work-related accident within the contemplation of the Workers’ Compensation Statute. The claimant alleged while lifting sinks on a Friday, he felt a sharp sudden pain in his back. He momentarily stopped working and then finished his shift. He did not make an accident report. On Monday the claimant called in and told his supervisor about the pain. The workers’ compensation judge held that the claimant did suffer a work-related accident. The appellate court reversed the judge’s decision, as it was manifest error. The appellate court found that the claimant failed in his burden to prove that he suffered such accident where he did not show an identifiable precipitous event as required by LSA-R.S. 23:1021(1). The only evidence of a sudden occurrence was the claimant’s testimony of a sharp pain. He offered no medical evidence in support of his claim. No one observed him when he allegedly felt the sharp pain. The second circuit court of appeal used the following rules of law that are applicable to the case at bar: 1) LSA-R.S. 23:1021(1) defines an accident as follows: “Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration, 2) As a threshold requirement, a worker in a compensation action must establish personal injury by accident arising out of and in the course of his employment, LSA-R.S. 23:1031, 3) As in other civil actions, plaintiff, the worker, in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence, 4) A worker’s testimony alone maybe sufficient to discharge this burden of proof, provided that no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and the worker’s testimony is corroborated by the circumstances following the allege incident. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends, and by medical evidence. In determining whether the worker has discharged his burden of proof, the finder of fact should accept as true the uncontested testimony of a witness, although the witness is a party, absent circumstances casing suspicion on the reliability of this testimony, 5) Internal inconsistencies |Bor vagueness in the claimant’s version in workers’ compensation suit, while not necessarily fatal, certainly does not assist him in discharging his burden. If the claimant’s testimony contains discrepancies and inconsistencies, that testimony alone does not satisfy his burden of proof. Also, failure to call a witness who would theoretically support the claimant’s version may result in a presumption that his testimony would be damaging.
*743 The appellate court in the Smith case found the claimant failed to carry his burden of showing, by a preponderance of the evidence that he sustained an accident within the definition of LSA-R.S. 23:1021(1). The court also held that the plaintiffs testimony alone was not sufficient to carry his burden of proof.
In the present case, the claimant’s testimony was vague and inconsistent and cannot by itself carry her burden of proof to show she sustained an accident as contemplated by LSA-R.S. 23:1021(1). When the claimant was asked at trial what piece of equipment caused the accident she stated anyone of the pieces could have or she stated she did not remember. The claimant never testified to an event that happened suddenly or violently that caused the alleged accident or injuries. The claimant did not offer witnesses to corroborate her version of the accident, and the circumstances following the accident do not corroborate an accident occurring on July 30, 2001.
The medical evidence provided by the plaintiff from her examinations with Dr. H. Lawrence Haydel, orthopedic surgeon, and Dr. Richard Haydel, medical doctor, only restate the claimant’s version of what happened on July 30, 2001 as to the cause of her pain that she complained of. No where in those medical records does either doctor conclude that the claimant’s injuries were the result of an accident she sustained on July 30, 2001 while employed by defendant.
In Dyson v. State Employees Group Benefits Program, 610 So.2d 953 (La.App. 1st Cir.1992) the issue was whether the employee proved that her injury resulted from an accident within the meaning of LSA-R.S. 23:1021(1). The trial court found that the employee did suffer an accident within the meaning of the statute when she made a pivoting or turning movement that preceded her pain. The appellate court affirmed the trial court’s finding. The appellate court specifically held that Ms. Dyson was able to identify the event marking the time when one can identify the injury. In that case, it was the pivoting movement Ms. Dyson made.
In the present case, the claimant never identified the event that marked the time when she or anyone else could identify the injury she allegedly sustained on July 30, 2001. She was specifically asked at trial to name the time and she testified she did not remember. She was asked which piece of furniture that she lifted caused the injury and she testified it could have been anyone of them. The claimant did not identify the time of her injury as the claimant did in the Dyson case.
In Borel v. Dymanic[Dynamic] Offshore Contractors, 626 So.2d 565 (La.App. 3rd Cir.1993), the issue was exactly the same as in Smith and Dyson. The employee in the Borel case began to feel pain and stiffness in his back and neck within an hour after he lifted a heavy pipe at work. The pain increased, and the employee filed a disputed claim for workers’ compensation benefits with the Louisiana Workers’ Compensation Board. The workers’ compensation judge found that the employee’s injuries were not caused by an accident, and denied his claim. The appellate court reversed and |7remanded the case. The same rules of law used in the Smith case were used in the Borel case.
The appellate court held that Borel proved that he suffered a compensable accident under LSA-R.S. 23:1021(1). The court stated:
Borel’s job required heavy physical labor daily, and that in connection with his work he lifted a heavy piece of pipe just before the end of a workday, a Saturday. Within a very short time afterwards, he felt stiffness and pain which steadily *744 progressed until the following Monday when he reported his injury... Borel’s onset of pain was almost contemporaneous with his lifting of heavy pipe while at work, and his report of the onset of pain came on the next work day.
Therefore, this Court finds the claimant failed to meet her burden of proving that she sustained an injury while in the course of and arising out of her employment with defendant and the claimant is not entitled to any workers’ compensation benefits and is not entitled to medical benefits.
This Court also finds that the claimant is not entitled to penalties and attorney fees.
This Court further finds that the workers’ compensation claim of Lillian Lyons is hereby dismissed with prejudice at her costs.
Signed this 24th day of December 2002, at Houma, Louisiana
/s/ Glynn F. Voisin
Glynn F. Voisin
Judge, District 9, Southern Division Office of Workers’ Compensation 8026 Main Street, Suite 404 Houma, Louisiana 70360