GUIDRY, J.
12In this workers’ compensation action, Rebecca Lanaux appeals from a judgment of the Office of Workers’ Compensation in favor of defendant, Thibodaux Regional Medical Center (“Thibodaux Regional”), dismissing her claim for supplemental earnings benefits, penalties, and attorney fees. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Rebecca Lanaux, a registered nurse, worked as a home health nurse for Thibo-daux Regional. On November 18, 2003, Lanaux sustained injury to her lower back while performing duties within the course and scope of her employment.
Thereafter, Thibodaux Regional paid Lanaux temporary total disability benefits of $429.00 per week. On September 19, 2006, Lanaux filed a disputed claim for compensation, indicating a dispute as to Lanaux’s disability status and stating that a new issue had arisen relative to discovery interrogatories. On March 28, 2006, Lanaux and Thibodaux Regional entered into a consent judgment wherein Thibo-daux Regional agreed to continue paying benefits at the full rate of $429.00 per week until such time that Lanaux was released to return to some form of gainful activities. Thibodaux Regional also agreed to pay $4,000.00 in satisfaction of all claims for penalties and $4,000.00 in attorney’s fees for all actions by Thibodaux Regional and its agent prior to November 5, 2005.
On July 8, 2007, Thibodaux Regional suspended Lanaux’s benefits based on a labor market survey and a vocational rehabilitation report prepared by Jeannie Lillis. Lanaux subsequently filed an amended disputed claim for compensation, disputing Thibodaux Regional’s termination of benefits and requesting attorney’s fees. Following a trial, the workers’ compensation judge ruled in favor of [aThibodaux Regional, dismissing Lanaux’s claim for supplemental earnings benefits, penalties, and attorney’s fees. Lanaux now appeals from this judgment.
*314 DISCUSSION

Standard of Review

In a workers’ compensation case, the appellate court’s review of factual findings is governed by the manifest error or clearly wrong standard of review. Scott v. Lakeview Regional Medical Center, 01-0538, p. 3 (La.App. 1st Cir.3/28/02), 818 So.2d 217, 220, writ denied, 02-1712 (La.10/4/02), 826 So.2d 1127. Thus, factual findings of the workers’ compensation judge cannot be set aside unless the appellate court determines that there is no reasonable factual basis for the findings and that the findings are clearly wrong. Scott, 01-0538, at p. 3, 818 So.2d at 220.
If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder’s decision to credit a witness’s testimony must be given great deference by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

Temporary Total Disability Benefits (TTD)

A claimant who seeks TTD benefits must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of the nature or character of the work, or employment while working in pain. La. R.S. 23:1221(l)(c). In the absence of such evidence, the claimant’s demand for TTD benefits fails. Bonvillain v. Preferred Industries, 04-0849, p. 12 (La.App. 1st Cir.5/27/05), 917 So.2d 1, 8.
14An employee is ineligible for TTD benefits when his physical condition has resolved itself to the point that a “reasonably reliable determination of extent of disability” may be made and “continued, regular treatment by a physician is not required.” Further, upon reaching maximum medical improvement, an injured worker who is able to return to work, even in pain, is no longer eligible for TTD benefits, but instead is relegated to supplemental earnings benefits. Foley v. Sportran, City of Shreveport, 40,624, p. 5 (La.App. 2nd Cir.5/17/06), 930 So.2d 368, 371.
In the instant case, Lanaux treated with two physicians, Dr. Thomas Dormer and Dr. Todd Cowen. Dr. Donner determined that Lanaux should be able to return to work in October 2004 following recovery from back surgery. However, when Lanaux expressed her opinion in December 2004 that she was unable to work full time, he referred her to Dr. Cowen for a functional capacity evaluation (FCE). Dr. Donner did not see Lanaux again until October 2008, some four years later, when she came to his office complaining of chronic lower extremity pain. However, at that time, Lanaux’s physical exam was normal and he discussed epidural steroid injections and medication. Thereafter, on February 27, 2009, Dr. Donner determined that Lanaux had reached maximum medical improvement.
Dr. Cowen noted in January 2006 that Lanaux had reached maximum medical improvement. In February 2006, he expressed his opinion that Lanaux could work at a sedentary level with no bending or lifting, and alternating from sitting to standing. Additionally, between December 2006 and December 2007, Dr. Cowen approved approximately eleven full-time positions for Lanaux as submitted by Jeannie Lillis. Finally, the records show that Lanaux went approximately two years *315 before returning to Dr. Cowen in May 2008, complaining of chronic pain.
|Jn addition to the medical records from Lanaux’s treating physicians, the record also contains the report and deposition of Trevor Bardarson who conducted Lanaux’s FCE. According to Bardarson’s report, he found Lanaux to be “currently unemployable.” However, in an addendum to his report and in his deposition testimony, Bardarson indicated that his report was based on a snapshot of that particular day and he would defer to Lanaux’s doctors as to her ability to work. Bardarson indicated that at the time of the FCE, he felt that Lanaux would benefit from further medical intervention; however, if there was no further treatment that Lanaux was willing to receive, he would have no disagreement with the doctors’ decision to release La-naux to perform sedentary work. Further, Bardarson stated that Lanaux would do well in case management, desk-type nursing.
Finally, according to the record and by her own admission, Lanaux had looked for employment since August 2004, albeit she thought she was only capable of part-time work due to her chronic pain. It is well settled that chronic pain is not enough to establish disability, because chronic pain does not meet the requirements of physical disability under La. R.S. 23:1221(l)(e). Bonvillain, 04-0849, p. 14, 917 So.2d at 9. Accordingly, to the extent that Lanaux indicated that she was capable of at least part-time work, and upon our review of the record as detailed above, we find no error in the workers’ compensation judge’s determination that Lanaux failed to prove by clear and convincing evidence that she is entitled to TTD.

Supplemental Earnings Benefits (SEB)

An employee is entitled to receive SEB if he sustains a work-related injury that results in his inability to earn ninety percent or more of his pre-injury wage. La. R.S. 23:1221(3)(a). The employee bears the burden of proving, by a preponderance of the evidence, that the work-related injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Hayes v. Louisiana State Penitentiary, 06-0553, p. 12 (La.App. 1st Cir.8/15/07), 970 So.2d 547, 558, writ denied, 07-2258 (La.1/25/08), 973 So.2d 758. Once the employee meets this burden, the burden of proof shifts to the employer, who, in order to defeat the employee’s claim for SEB, or to establish the employee’s earning capacity, must prove by a preponderance of the evidence that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 9 (La.7/1/97), 696 So.2d 551, 556. Actual job placement is not required. Banks, 96-2840 at p. 9, 696 So.2d at 556.
From our review of the record, we find no error in the workers’ compensation judge’s determination that Lanaux failed to establish that she was entitled to SEB. Lanaux received a bachelor of science degree in nursing in May 1994, and thereafter worked in positions where she rendered patient care as well as in several positions involving administration. At the time of her accident, Lanaux was working for Thibodaux Regional as a home health nurse, which involved, among other things, patient assessments and wound care.
Following her accident, Lanaux underwent a laminectomy/discectomy at L4-5 in April 2004. According to Lanaux, she continues to suffer chronic pain and muscle spasms. However, she only takes over-the-counter medication for pain, and occasionally takes Flexeril. Additionally, she *316 has refused epidural steroid injections because she says she is a borderline diabetic and has learned through her research and consultation with her endocrinologist that the injections could cause additional problems.
In early 2006, Jeannie Lillis, a licensed vocational rehabilitation counselor, was hired by Thibodaux Regional to conduct an assessment of Lanaux and to help her secure suitable employment. Lillis met with Dr. Cowen in February 2006 at 17which time he told her that he felt La-naux could return to sedentary employment. Following Lillis’ assessment of La-naux, Lillis located jobs meeting Lanaux’s qualifications and restrictions, such as case manager, clinical project coordinator, nurse director, diabetes RN manager, RN case manager, and grant writer and forwarded notice of these and other jobs to Lanaux. These jobs were all full-time, were available at the time notice was forwarded to Lanaux, paid wages in excess of ninety percent of Lanaux’s pre-injury wage, and were approved by Dr. Cowen. Lanaux, however, stated that she rarely got a return call from the prospective employers. She also stated that she had applied for positions that she located on her own, and that those attempts were also unsuccessful.
Lanaux asserts that all of the jobs located by Lillis were full-time, and she felt that she was only capable of part-time work. However, several of the jobs that Lanaux applied for on her own were the same jobs that Lillis forwarded to her, and in applying for several other positions, La-naux never indicated to the employer that she was seeking only part-time work, nor did she verify the requirements of the positions, some of which were well outside of the restrictions placed by her treating physicians.
As outlined previously, none of Lanaux’s doctor’s restricted her to part-time employment. Rather, as evidenced by Dr. Cowen’s records, it was Lanaux who stated that she wanted to start off with part-time work. Dr. Donner and Dr. Cowen, as well as Bardarson, stated that Lanaux was capable of performing sedentary work, and Dr. Cowen approved the positions submitted to him by Lillis, which were full-time, sedentary positions.
Further, with regard to Lanaux’s contention that she was unable to work because of substantial pain, it is well settled that the employee has the burden of proving the substantial pain by clear and convincing evidence, unaided by any presumption of disability. Vicknair v. The Nature Conservancy, 97-2229, p. 3, (La.App. 1st Cir.6/29/98), 718 So.2d 476, 479, writ denied, 98-2495 (La.11/25/98), 729 So.2d 567. According to her testimony, Lanaux suffers “chronic pain.” However, Lanaux is able to manage her pain with over-the-counter medication, and her treatment history shows gaps of sometimes two to four years without seeking medical attention from her treating physicians. Additionally, Lanaux’s pain does not prevent her from performing her daily activities, as long as she alternates from sitting to standing. Finally, the workers’ compensation judge took notice of the fact that Lanaux sat through two hours of testimony at the trial without any complaint of pain and without standing during questioning.
Accordingly, from our review of the record, we are unable to say that the workers’ compensation judge was manifestly erroneous in finding Lanaux’s testimony regarding her inability to return to work due to substantial pain lacking in credibility, and that she failed to sustain her burden of proof on that issue. Further, we find no error in the workers’ compensation judge’s *317 determination that Lanaux failed to establish that she was unable to earn wages equal to ninety percent of her pre-injury wage.
CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. All costs of this appeal are assessed to Rebecca Lanaux.
AFFIRMED.