THERIOT, J.
GCA Services Group, Inc. ("Appellant") appeals the judgment of the Office of Workers' Compensation District 05 granting Ella Hamilton's ("Appellee") motion to limit the scope of an independent medical examination ("IME"). For the following reasons, we reverse the portion of the judgment ordering the independent medical examiner not to address maximum medical improvement. We affirm the portion of the judgment ordering the independent medical examiner not to address medical condition diagnosis, or causation.
FACTS AND PROCEDURAL HISTORY
On May 20, 2015, Appellee suffered injuries to her neck and shoulders while moving *53 trash bags into a dumpster. At the time of her accident, Appellee was in the course and scope of her employment with Appellant as a custodian. Following the injuries, Appellee filed a workers' compensation claim. Appellant alleges that it has paid indemnity and medical benefits to and on behalf of Appellee in connection with Appellee's workers' compensation claim.
The dispute on appeal arises from the conflicting opinions of two doctors who examined Appellee's injuries. The first doctor is Appellee's treating neurosurgeon, Dr. Charles Bowie. Following an examination, Dr. Bowie diagnosed Appellee with cervical disc disorder and spinal stenosis and recommended C4-C7 cervical fusion surgery as treatment. At a rehabilitation conference on January 24, 2017, Dr. Bowie again recommended C4-C7 cervical fusion surgery and opined that Appellee's injuries rendered her unable to work. Dr. Bowie further stated that Appellee's injuries were likely an aggravation of pre-existing cervical disease and that Appellee was at risk of neurologic decline if she suffered further injury. In regard to maximum medical improvement, Dr. Bowie stated that an actual or anticipated maximum medical improvement date was still to be decided.
The second doctor is Dr. David Ferachi, an orthopedic surgeon selected by Appellant. Dr. Ferachi found that the incident in question aggravated Appellee's pre-existing condition of cervical spondylosis and lumbar spondylosis. Dr. Ferachi also opined that Appellee could return to work as a custodian if she did so under the restriction of not lifting more than twenty pounds. At a rehabilitation conference on February 2, 2017, Dr. Ferachi reiterated that Appellee could perform light work and found that Appellee should have reached maximum medical improvement three to six months after the injury.
Because Dr. Bowie and Dr. Ferachi gave differing opinions as to Appellee's ability to work and maximum medical improvement, Appellant filed a request for an IME pursuant to La. R.S 23:1123. OWCA-Medical Services granted this request and scheduled an IME with Dr. Thad Broussard.
On February 22, 2017, Appellee filed a motion to limit the scope of the IME. Appellee specifically requested that the workers' compensation judge limit the scope of the IME to Appellee's capacity to work. Appellee also asked the workers' compensation judge to prohibit the independent medical examiner from addressing any other issues, including Appellee's medical condition, causation, maximum medical improvement, and whether medical treatment is reasonable and necessary. In response, Appellant argued that maximum medical improvement is a component of, and is directly related to, Appellee's condition and should be addressed in the IME.
On May 31, 2017, the workers' compensation judge granted Appellee's motion to limit the scope of the IME. Specifically, the workers' compensation judge ordered the independent medical examiner, Dr. Broussard, to only address Appellee's capacity to work and ordered Dr. Broussard not to address any other issues including medical condition, diagnosis, causation, and maximum medical improvement. The workers' compensation judge signed a judgment to that effect on April 10, 2017.
This appeal followed.
ASSIGNMENT OF ERROR
Appellant assigns the following as error:
The Workers' Compensation hearing officer erroneously granted Claimant's Motion to Limit Scope of Independent Medical Examination, precluding the state-appointed independent medical examiner *54 from addressing a dispute regarding Claimant's medical condition, and holding that the maximum medical improvement is an element of causation and not part of an injured worker's condition.
STANDARD OF REVIEW
Louisiana jurisprudence is clear that in workers' compensation cases, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. McCray v. Delta Industries, Inc., 2000-1694 (La. App. 1 Cir. 9/28/01), 809 So.2d 265, 269. As such, in order for an appellate court to reverse a workers' compensation judge's factual findings, it must find from the record that a reasonable factual basis does not exist for the findings of the workers' compensation judge and that the record establishes that the findings are clearly wrong. Lyons v. Terrebonne Parish School Bd., 2003-0325 (La. App. 1 Cir. 12/31/03), 868 So.2d 739, 740. However, where one or more legal errors on the part of the workers' compensation judge interdicts the fact-finding process, and the record is otherwise complete, the reviewing court should make an independent de novo review of the evidence, giving no deference to the workers' compensation judge's factual findings, and render judgment. Dowell v. Ochsner Clinic of Baton Rouge , 2003-0460 (La. App. 1 Cir. 3/10/04), 874 So.2d 852, 855-56.
DISCUSSION
The primary issue on appeal is whether maximum medical improvement is an aspect of one's medical condition pursuant to La. R.S. 23:1123. Appellant argues that "condition of the employee," as addressed in La. R.S. 23:1123, includes maximum medical improvement, which would allow the independent medical examiner to address the issue of maximum medical improvement during the IME. Appellee argues that "condition of the employee" does not include maximum medical improvement and thus, the independent medical examiner cannot address maximum medical improvement.[1]
La. R.S. 23:1123 states:
If any dispute arises as to the condition of the employee, or the employee's capacity to work, the director, upon application of any party, shall order an additional medical opinion regarding an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter. (Emphasis added.)
In regard to maximum medical improvement, this court previously addressed *55 maximum medical improvement in light of La. R.S. 23:1221, which provides a schedule of payments for temporary total disability ("TTD") benefits, among other types of benefits. Specifically, this court determined that the clear and unambiguous terms of La. R.S. 23:1221(1)(d) provide that the initial award of TTD benefits is limited to the period of six months after the date of the injury or until the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required (maximum medical improvement), whichever first occurs. Parfait v. Gulf Island Fabrication, Inc., 97-2104 (La. App. 1 Cir. 1/6/99), 733 So.2d 11, 19. (Emphasis added). Upon reaching maximum medical improvement, an injured worker who is able to return to work, even in pain, is no longer eligible for TTD benefits, but instead is relegated to supplemental earnings benefits. Lanaux v. Thibodaux Regional Medical Center, 2009-1556 (La. App. 1 Cir. 3/26/10), 36 So.3d 311, 314. Accordingly, Appellee's rights in this case depend, in part, on whether she has reached maximum medical improvement as defined by this court.
Although Appellee argues that La. R.S. 23:1123 does not provide for the appointment of an independent medical examiner to address the issue of maximum medical improvement, we find that maximum medical improvement is closely-related to condition and ability to work. For instance, the issue of whether a patient has reached maximum medical improvement largely depends on the patient's medical condition. Likewise, the relationship between maximum medical improvement and a patient's condition typically determine a patient's ability to work. Additionally, an injured worker who reaches maximum medical improvement and is able to return to work is relegated a different type of benefit than one who is unable to return to work. See Lanaux, 36 So.3d at 314.
Louisiana courts often discuss maximum medical improvement contemporaneously with condition and ability to work. For example, in Bob's Plumbing and Heating, Inc. v. Reynolds, the Fifth Circuit agreed with a hearing officer's finding that a difference of opinion between two doctors was not a dispute as to a plaintiff's condition because both doctors agreed as to the injury suffered and that the plaintiff had reached maximum medical improvement. 98-325 (La. App. 5 Cir. 10/14/98), 719 So.2d 1169, 1171, writ denied, 98-2978 (La. 1/29/99), 736 So.2d 836. Physicians have also authorized patients to return to work after finding that the patient has reached maximum medical improvement. See McCray, 809 So.2d at 270-271. See also Byrd v. DSM Elastomers Americas, 2005-1191 (La. App. 1 Cir. 6/21/06), 938 So.2d 1043, 1046, writ denied, 2006-2233 (La. 11/22/06), 942 So.2d 557 ; Springfield v. Wal-Mart No. 1266, 2001-2543 (La. App. 1 Cir. 11/8/02), 835 So.2d 736, 741 ; Numa C. Hero & Son v. Leleux, 2015-305 (La. App. 3 Cir. 10/28/15), 178 So.3d 595, 597, writ not considered, 2016-0164 (La. 3/24/16), 190 So.3d 1187.
There are also cases that reference state-appointed independent medical examiners making determinations as to maximum medical improvement and ability to work. See City of Covington v. Walker 2005-1734 (La. App. 1 Cir. 9/15/06), 943 So.2d 1110, 1112, writ denied, 2006-2458 (La. 1/8/07), 948 So.2d 123. See also Baker v. Harrah's, 2015-0229 (La. App. 4 Cir. 3/9/16), 190 So.3d 379, 396, writ denied, 2016-0659 (La. 5/27/16), 192 So.3d 743. Considering the aforementioned jurisprudence and the relationship between maximum *56 medical improvement, condition, and ability to work, we find La. R.S. 23:1123 does permit an independent medical examiner to make determinations as to maximum medical improvement.
In its oral reasons, the workers' compensation judge expressed concern that a decision as to maximum medical improvement by the independent medical examiner would force the independent medical examiner to decide the issue of causation. Although we understand these concerns, we disagree. The independent medical examiner can provide an opinion as to maximum medical improvement without stating the cause of the injury. Doing so would provide necessary information without revealing causation.
Accordingly, we hold that maximum medical improvement does fall within the purview of La. R.S. 23:1123 and is more akin to "condition of the employee" and "the employee's capacity to work" than it is to causation.
DECREE
The judgment of the Office of Workers' Compensation District 05 granting the motion to limit the scope of the independent medical examination filed by Appellee, Ella Hamilton, is reversed to the extent that it restricted the independent medical examiner from determining maximum medical improvement. The remainder of the judgment, which ordered the independent medical examiner not to address medical condition, diagnosis, or causation, is affirmed. Costs of this appeal are assessed to Appellee, Ella Hamilton.
REVERSED IN PART; AFFIRMED IN PART.

Appellee also argues that Appellant's appeal should be dismissed as moot. Appellee alleges that Dr. Broussard addressed the issue of maximum medical improvement despite being ordered not to by the workers' compensation judge. The record before us does not contain the independent medical examiner's report. However, even if Dr. Broussard did address maximum medical improvement, his doing so does not render this issue moot. According to Louisiana jurisprudence, an issue is moot when a judgment or decree on that issue has been deprived of practical significance or made abstract or purely academic. Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193. Accordingly, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. Id. In the present case, Dr. Broussard's alleged violation of the workers' compensation judge's order does not deprive this issue of practical significance or render it purely academic.